WILLIAM O. CHILDS *vs.* GEORGE S. LITTLEFIELD & another.

Suffolk.　March 2, 1910. — May 19, 1910.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Practice, Civil,* Auditor, Form of verdict by consent. *Superior Court. Accord and Satisfaction. Pleading, Civil,* Answer.

In an action of contract for money had and received, where the defendant has filed an answer and a declaration in set-off upon an account annexed, to which the plaintiff has filed an answer, the power of a judge of the Superior Court to send the case to an auditor is beyond question.

In an action of contract against attorneys at law, who had prosecuted an action for the plaintiff, the declaration alleged in substance that the defendants received for the use of the plaintiff about $11,000, that of this there remained in the hands of the defendants $2,500, of which they were entitled to hold $1,000 as the amount that the plaintiff owed them for services, leaving a balance of $1,500 in their hands as money due to the plaintiff. The answer set up, among other defenses, that the sum of about $11,000 was received by the defendants from one L., as the result of an action prosecuted by them, as the plaintiff's attorneys, against L., " that thereafter the plaintiff instructed the defendants to retain from said amount . . . compensation for the services rendered to the plaintiff as aforesaid; that the defendants did retain from the amount so collected from said L., as fair and reasonable compensation for the services rendered as aforesaid, the sum of $2,500, and paid over to the plaintiff the balance." It was *pointed out* by the court, that this portion of the answer was not a plea of accord and satisfaction,

because it did not state that the plaintiff had assented to the defendants' conclusion that $2,500 was a reasonable compensation for their services, and alleged no agreement of the plaintiff as to the amount, although, for the purposes of decision, the court assumed that this part of the answer might be treated as a plea of accord and satisfaction.

In an action of contract against attorneys at law to recover a balance alleged to be due to the plaintiff from a sum collected by the defendants for the plaintiff, of which the defendants had paid to the plaintiff the greater part, after retaining the amount claimed by them for their services in its collection, where the defendants had filed an answer and a declaration in set-off upon an account annexed, to which the plaintiff had filed an answer, the plaintiff asked the presiding judge to rule that a certain portion of the defendants' answer stated facts which, if true, constituted a settlement between the parties, and that whether it was true or not the defendants were bound by it because they had pleaded it in their answer and could not now ask for anything in addition to what they kept. The judge refused to make this ruling. *Held,* that the ruling was refused rightly ; that, assuming that the portion of the defendants' answer referred to could be regarded as a plea of accord and satisfaction, the statement in the ruling requested by the plaintiff that the defendants, having pleaded the settlement, could not ask for anything more than they had kept, whether the plea was true or not, was incorrect, because, if it was not true that there had been a settlement, the question of the amount due from the plaintiff to the defendants for their services, at least upon their declaration in set-off, was to be determined by the jury.

If the parties to an action of contract, in which there is a declaration in set-off, agree that the verdict may be returned in a certain form, which is a proper form of verdict for the court to receive with the consent of the parties, and this is done, neither of the consenting parties afterwards can complain that the verdict is irregular or is irresponsive to the pleadings.

CONTRACT for $1,500, alleged to have been had and received by the defendants to the use of the plaintiff, the substance of the declaration being stated in the opinion. Writ dated February 12, 1906.

The defendants filed an answer, of which the material portion is described in the opinion. They also filed a declaration in set-off, in which they claimed $4,000 for professional services rendered to the plaintiff according to an account annexed. The plaintiff filed an answer to the declaration in set-off.

By an order of the court made on May 3, 1907, the case was referred to Frank M. Forbush, Esquire, as auditor. The plaintiff appealed from the order sending the case to an auditor.

In the Superior Court the case was tried before *Lawton,* J. The plaintiff asked the judge to rule as follows: " The defendants in their answer say that the plaintiff instructed them to retain from the money in their hands compensation for the services

rendered him and that they did so retain the sum of $2,500 as their compensation and paid the balance to him.   This, if true, constituted a settlement between these parties, and whether true or not the defendants are bound by it because they have pleaded it in their answer and they cannot now ask for anything in addition to what they kept."   The judge refused to make this ruling, and the plaintiff excepted.

At the close of the case the presiding judge, for the purpose, as stated by him, of simplifying the case for the jury, and with the consent of both parties, directed the jury to find for the plaintiff in the sum of $2,500, the full amount retained by the defendants, and directed the jury to find for the defendants on their declaration in set-off such sum as their services were worth. The jury accordingly found for the plaintiff in the sum of $2,500, and found for the defendants on their declaration in set-off in the sum of $2,700.   The plaintiff alleged exceptions.

*W. O. Childs, pro se.*

*J. P. Feeney,* for the defendants, submitted a brief.

HAMMOND, J.   That under our law the Superior Court, in the then state of the pleadings, was empowered to send this case to an auditor is too plain for discussion or the citation of authorities.

The ruling requested at the trial was properly refused.   The declaration alleged in substance that the defendants received for the use of the plaintiff $10,873.58, that of this there remained in the hands of the defendants $2,500, of which they were entitled to hold $1,000 as the "amount that plaintiff owed them for services," leaving a balance of $1,500 in their hands as money due the plaintiff.   The answer set up among other defenses that the sum of $10,873.58 was received by the defendants from one Lancy, as the result of a suit prosecuted by them, as the plaintiff's attorneys, against him; "that thereafter the plaintiff instructed the defendants to retain from said amount . . . compensation for the services rendered to the plaintiff as aforesaid; that the defendants did retain from the amount so collected from said Lancy, as fair and reasonable compensation for the services rendered as aforesaid, the sum of $2,500, and paid over to the plaintiff the balance."

It is to be observed that the answer nowhere states that the

plaintiff assented to the defendants' view that $2,500 was a reasonable sum. It says simply that the defendants had retained $2,500 as their own view of a reasonable sum. It still leaves open the question of a reasonable sum to be decided by the jury. Upon that point it alleges no agreement of the plaintiff as to the amount. Even if, however, it be regarded as a plea of accord and satisfaction, still the request was properly refused. Even if it be assumed as true that an accord and satisfaction would have constituted a settlement between the parties and they would have been bound by it both as to the original action and the claim in set-off, and that the ruling requested was correct so far as it stated such a proposition, and that if it stopped there it should have been given, it is to be observed that it did not stop there. It further asked that whether the plea of accord and satisfaction was true or not the defendants having pleaded it " cannot now ask for anything in addition to what they kept."

This position is untenable. If there was no settlement in fact, then the whole question of the reasonableness of the fee was before the jury, at least in the action in set-off. The ruling being incorrect in this respect was properly refused.

The plaintiff in his brief complains of the manner in which the case was finally submitted to the jury by the presiding judge. But inasmuch as he consented to that course he has no good ground for complaint. The verdict, whether irregular or irresponsive to the pleadings, was in the form in which he consented it should be, and was such as the court, with the consent of the parties, could properly receive.

*Exceptions overruled.*